EXHIBIT 1

 CT Corporation

**Service of Process
Transmittal**
09/19/2013
CT Log Number 523532388

TO: Karla Jarvis, Attorney
The Clarks Companies
156 Oak Street
Newton, MA 02464

RE: **Process Served in California**

FOR: C. & J. Clark Retail, Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Chantel Gloria and Tennelle Turner, Pltfs. vs. Clark's Bostonian, etc., et al. including C. & J. Clark Retail, Inc., as Doe 1, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Amendment, Proof of Service, Service List, Cover Sheet, Notice |
| **COURT/AGENCY:** | Solano County - Superior Court - Fairfield, CA<br>Case # FCS042299 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 03/29/13 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/19/2013 at 08:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Jamil L. White<br>Louis | White<br>1851 Heritage Lane<br>Suite 148<br>Sacramento, CA 95815<br>916-333-3613 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 796730079160<br>Image SOP<br>Email Notification, Robert J Lichtenstein rlichtenstein@morganlewis.com<br>Email Notification, John Mecone jmecone@clarksna.com<br>Email Notification, Karla Jarvis karlaj@clarksna.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*0443436 8:30*
*021.963*

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CLARK'S BOSTONIAN, a business entity; RICHARD KURD, an individual and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHANTEL GLORIA and TENNELLE TURNER

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Solano County Superior Court 600 Union Avenue Fairfield, CA 94533 | CASE NUMBER: *(Número del Caso):* **FCS042299** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LOUIS | WHITE, PC, 1851 Heritage Lane, Suite 148, Sacramento, CA 95815

| DATE: *(Fecha)* **SEP 1 0 2013** | Clerk, by *(Secretario)* **C. DAVIS** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* C. & J. Clark Ret. Inc

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 09/19/13

**ASSIGNED TO JUDGE PAUL L BEEMAN FOR ALL PURPOSES**

[SEAL]

Page 1 of 1

| | |
|---|---|
| 1 | Jamil L. White (Bar No. 244028)<br>Michael D. Maloney (Bar No. 208297) |
| 2 | LOUIS \| WHITE<br>1851 Heritage Lane, Suite 148 |
| 3 | Sacramento, California 95815<br>Telephone:  (916) 333-3613 |
| 4 | Facsimile:  (916) 274-4631 |
| 5 | Attorneys for Plaintiffs<br>CHANTEL GLORIA and |
| 6 | TENNELLE TURNER |

**ENDORSED FILED**
Clerk of the Superior Court

SEP 1 0 2013
C. DAVIS
By _____
DEPUTY CLERK

ASSIGNED TO
JUDGE PAUL L. BEEMAN
FOR ALL PURPOSES

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

**FCS042299**

| | |
|---|---|
| CHANTEL GLORIA and TENNELLE TURNER,<br><br>            Plaintiff,<br><br>      v.<br><br>CLARK'S BOSTONIAN, a business entity;<br>RICHARD KURD, an individual and DOES 1<br>through 50, inclusive,<br><br>            Defendants. | Case No.:<br><br>**Complaint for Damages**<br><br>1.  **Wrongful Termination - Statutory Violation for Sex Discrimination**<br>2.  **Violation of Title VII of Civil Rights Act of 1964 – Sexual Harassment**<br>3.  **Wrongful Termination - Tortious Discharge in Violation of Public Policy**<br>4.  **Breach of Implied-In-Fact and/or Oral Contract not to Terminate Employment Without Good Cause**<br>5.  **Intentional Infliction of Emotional Distress**<br><br>Demand for Jury Trial |

**PRELIMINARY ALLEGATIONS**

1.      Plaintiffs, CHANTEL GLORIA and TENNELLE TURNER, were wrongfully terminated from their employment with Defendant CLARK'S BOSTONIAN due to sexual harassment and the unsolicited sexual advances of their supervisor, Defendant RICHARD KURD, in violation of the California Constitution, California Statutes, Common Law and Public Policy.

## PARTIES

2.     At all times relevant, Plaintiff, Chantel Gloria, was and is an individual residing in the State of California, County of Solano. As such, venue is proper in the County of Solano.

3.     At all times relevant, Plaintiff, Tennelle Turner, was and is an individual residing in the State of California, County of Solano. As such, venue is proper in the County of Solano

4.     Plaintiffs are informed, believe, and thereon allege, that at all times mentioned herein, CLARK'S BOSTONIAN ("CLARK'S") is in the business of manufacturing, and distributing shoes and apparel.

5.     Plaintiffs are informed, believe, and thereon allege, that at all times mentioned herein, CLARK'S BOSTONIAN is a corporation regularly conducting business in the County of Solano in the State of California.

6.     At all pertinent times mentioned herein, Defendant CLARK'S BOSTONIAN regularly employed five (5) or more persons, bringing Defendant CLARK'S BOSTONIAN within the provisions of California Government Code § 12900 et seq., which prohibits employers or their agents from discriminating against employees on the basis of their sex or gender.

7.     Plaintiffs are informed, believe, and thereon allege, that at all times mentioned herein, Defendant RICHARD KURD ("KURD") was Plaintiffs' supervisor and was acting within the course and scope of his employment with CLARK'S when he wrongfully terminated Plaintiff CHANTEL GLORIA because she would not comply to his unwelcome sexual advances. Further, Plaintiff, TENNELLE TURNER, was constructively terminated due to Defendant KURD'S unwelcome sexual advances. Plaintiffs are informed, believe, and thereon allege, that at all times mentioned herein, Defendant KURD was and is an individual residing in the State of California.

8.     Plaintiffs allege that the employment relationship that gave rise to the allegations set forth herein took place in the State of California.

9.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 50, inclusive, and Plaintiffs will amend this Complaint to allege such names and capacities at such time when they are ascertained. Each fictitiously named Defendant is responsible in some manner for the wrongful acts complained of herein.

10.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each of the remaining Defendants. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

### Plaintiff CHANTEL GLORIA

11.     Plaintiff, CHANTEL GLORIA was hired by Defendant CLARK'S to perform duties in a retail outlet. Plaintiff's primary duties concerned customer service.

12.     Starting in February of 2013, Plaintiff CHANTEL GLORIA'S supervisor, Defendant, RICHARD KURD, began referring to CHANTEL GLORIA as "honey" and "sweetie" in front of customers, but not in front of other CLARK'S employees. CHANTEL GLORIA ignored these references.

13.     Shortly after these references began, Plaintiff, CHANTEL GLORIA'S, hours were reduced to four (4) hours per week. Out of the nine (9) employees of CLARK'S at the time, only CHANTEL GLORIA'S hours were reduced.

14.     When Plaintiff, CHANTEL GLORIA, asked Defendant KURD, why her hours were reduced so severely, KURD responded "if you wear more skirts like that, you'll have more hours." With that, KURD winked at Plaintiff and walked away.

15.     On February 10, 2013, CHANTEL GLORIA came to work as scheduled. She had dyed her hair a Burgundy color. Prior to the opening of CLARK'S for the day, there was a meeting between KURD and Plaintiff. During this meeting, Defendant KURD said to Plaintiff "I like that color. (referring to Plaintiff's hair). It's porn star red."

16.     During Plaintiff's next work shift on February 17, 2013, CHANTEL GLORIA bent down to pick up a pair of shoes when Defendant KURD stated "you can't wear leggings. I can see your pink G-string." After KURD made this statement, he request that Plaintiff clean under the shoe

1   racks. In order to do this, Plaintiff had to bend over. While she was cleaning under the racks,

2   Defendant KURD stood behind her and made "grunting" noises.

3   17.      On February 22, 2013, Plaintiff worked the closing shift with KURD and another

4   employee named Brian. When Brian went to the back room, KURD requested that Plaintiff re-

5   arrange the shoes on a bottom shelf. When Plaintiff complied, Defendant KURD stood behind

6   her, just staring. KURD then tapped Plaintiff on her rear and said "looks good, but not done yet."

7   Shortly thereafter, Brian returned from the back room and Defendant KURD walked away.

8   18.      On February 23, 2013, Plaintiff had the flu and called in sick for her work shift scheduled

9   later that day. Defendant KURD told Plaintiff that a doctor's note was required for this absence

10  and if Plaintiff failed to obtain such, she would be written up.

11  19.      Thereafter, Plaintiff was not scheduled for work for one month. Some of which was due

12  to preexisting conflicts with Plaintiff's school schedule.

13  20.      On March 30, 2013, Plaintiff, CHANTEL GLORIA, had a scheduled four (4) hour shift at

14  CLARK'S. Upon arrival for work, Defendant KURD asked Plaintiff to step outside. Plaintiff

15  complied and she and KURD walked to a bench around the corner. Once they reached the bench,

16  KURD asked Plaintiff to sit next to him. Plaintiff stated that she preferred to stand. At this time,

17  Defendant KURD reached up, grabbed Plaintiff's arm and pulled her down to the bench. Once

18  seated, Defendant KURD placed his hand on Plaintiff's leg just above the knee. Plaintiff pushed

19  KURD'S hand off of her leg. Defendant KURD then stated to Plaintiff "if you want this job, you

20  have to work for it" and placed his hand back on Plaintiff's leg. Plaintiff again pushed off

    KURD'S hand, got up from the bench and walked away.

21  21.      The following day, March 24, 2013, when Plaintiff arrived at CLARK'S for her scheduled

22  work shift, Defendant KURD again asked Plaintiff to step outside to talk. Once outside, Plaintiff

23  requested that KURD stop harassing her and stated "stop doing this to me." Later that day after

24  Plaintiff had completed a sale and in front of a customer, KURD told Plaintiff to "clock out."

25  Plaintiff asked if she was fired. There was no response from Defendant KURD. Plaintiff clocked

26  out and left the premises.

27  22.      On March 29, 2013, Plaintiff received a telephone call from Defendant KURD. KURD

28  terminated Plaintiff's employment during this telephone call.

4
COMPLAINT

**Plaintiff TENNELLE TURNER**

23.     Plaintiff, TENNELLE TURNER, was hired by Defendant CLARK'S in March of 2013, to perform duties in a retail outlet.  Plaintiff's primary duties concerned customer service and warehouse duties.  Plaintiff worked forty (40) hours per week.  Plaintiff's supervisor was also Defendant KURD.

24.     Between March of 2013 and April 27, 2013, Defendant KURD improperly and without consent touched Plaintiff TENNELLE TURNER on the lower back/rear end, talking too close to Plaintiff and rubbing his body on Plaintiff's body.

25.     The above conduct on the part of Defendant KURD occurred after Plaintiff had been written up for being late to work.

26.     Specifically, on April 18, 2013, Defendant KURD came up behind Plaintiff TENNELLE TURNER while she was at the cash register and rubbed his hand on her rear end; and On April 20, 2013 and again on April 21, 2013, Defendant KURD came up behind Plaintiff while she was in the freight area and slid his body up next to hers.

27.     During each one of the above mentioned incidents, Plaintiff TENNELLE TURNER asked Defendant KURD to stop.

28.     Due to the above, Plaintiff contacted CLARK'S Human Resources Department to report Defendant KURD'S conduct. After this conduct was reported, Plaintiff's hours were reduced from forty (40) hours per week to eight (8) hours per week by Defendant KURD.

29.     On April 26, 2013, Plaintiff TENNELLE TURNER, contacted the Human Resources Department to discuss the reduction in her work schedule.  Plaintiff spoke with CLARK'S Human Resources Representative, Jennifer, regarding this issue.  Jennifer told Plaintiff that she would follow-up regarding the reduction in work hours and investigate the reported conduct of Defendant KURD.  Additionally, Jennifer told Plaintiff that CLARK'S was aware of other similar complaints regarding Defendant KURD'S conduct made by other CLARK'S employees.

30.     Shortly thereafter, Plaintiff was contacted by CLARK'S and was told that her hours would be increased from eight (8) hours per week to sixteen (16) hours per week as an "accommodation."

31.    When Plaintiff returned to work on April 27, 2013, she was instructed by Defendant KURD to "stay in the back and not to move."

32.    Due to the conduct of Defendant KURD and the inadequate response to Plaintiff's complaints to CLARK'S, Plaintiff was constructively terminated and April 27, 2013, was her last day as an employee of Defendant CLARK'S.

### FIRST CAUSE OF ACTION
### Wrongful Termination – Statutory Violation for Sex Discrimination
(Against all Defendants and Does 1-50)

33.    Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

34.    The laws of the State of California, as declared by its Constitution and statutory schemes, prohibit, among other things, employment discrimination based upon sex or gender.

35.    California Government Code § 12940 states in relevant part: "It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Said Government Code Section was in full force and effect at all times mentioned herein and binding upon Defendant CLARK'S.

36.    Within the time frame provided by law, each Plaintiff filed a Complaint with the Department of Fair Employment and Housing in full compliance with administrative requirements. As a result of following these procedures, Plaintiffs received "Right to Sue" letters which are attached hereto as Exhibit "1" and Exhibit "2."

37.    Plaintiff CHANTEL GLORIA was an exemplary employee at the time of her termination. Plaintiff TENNELLE TURNER was an exemplary employee at the time of her constructive termination. Accordingly, it is hereby alleged that Defendants had no good cause or justification

6

to actually and constructively terminate Plaintiffs' employment and that their termination was motivated by and was the result of unlawful discrimination by Defendants against Plaintiffs and done in retaliation and response to complaints against Defendant KURD due to his sexual harassment of Plaintiffs.

38.     As a direct foreseeable and proximate result of Defendants' wrongful acts, Plaintiffs have suffered, and continues to suffer, loss of earnings and employment benefits, and have suffered humiliation, embarrassment, mental and emotional distress, discomfort, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression all to their damage in an amount according to proof.

39.     Plaintiffs have incurred and continue to incur legal expenses and attorney's fees. Plaintiffs are at present, unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

40.     Defendants' acts as described herein were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S and were committed fraudulently, maliciously or oppressively with the specific intent of injuring Plaintiffs and/or with conscious disregard of Plaintiffs' right to work in an environment free of discrimination.  Because these acts were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S in a despicable, deliberate and intentional manner, Plaintiffs are entitled to recover punitive damages as defined in California Civil Code § 3294 in a sum sufficient to punish and deter such future conduct.

## SECOND CAUSE OF ACTION
### Violation of Title VII of Civil Rights Act of 1964 – Sexual Harassment
### (Against all Defendants and Does 1-50)

41.     Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

42.     Sexual harassment is prohibited conduct and an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964.

43.     Defendant CLARK'S knew, or should have known, based upon Plaintiffs' complaints of Defendant KURD'S conduct made to Human Resources, of the harassment and failed to take any remedial action.  Further, according to Defendant CLARK'S Human Resources Representative,

Jennifer, CLARK'S was well aware of Defendant KURD'S misconduct and sexual harassment of CLARK'S employees, yet CLARK'S did nothing to stop Defendant KURD'S conduct.

44.     As a result of the above, a hostile work environment was created and maintained by Defendants.

45.     As a direct foreseeable and proximate result of Defendants' wrongful acts, Plaintiffs have suffered, and continue to suffer, loss of earnings and employment benefits, and have suffered humiliation, embarrassment, mental and emotional distress, discomfort, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression all to their damage in an amount according to proof.

46.     Plaintiffs have incurred and continue to incur legal expenses and attorney's fees. Plaintiffs are at present, unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

47.     Defendants' acts as described herein were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S and were committed fraudulently, maliciously or oppressively with the specific intent of injuring Plaintiffs and/or with conscious disregard of Plaintiffs' right to work in an environment free of harassment. Because these acts were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S in a despicable, deliberate and intentional manner, Plaintiffs are entitled to recover punitive damages as defined in California Civil Code § 3294 in a sum sufficient to punish and deter such future conduct.

## THIRD CAUSE OF ACTION
### Wrongful Termination – Tortious Discharge in Violation of Public Policy
(Against all Defendants and Does 1-50)

48.     Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

49.     As set forth herein, Plaintiff, CHANTEL GLORIA, was terminated from her employment with Defendant CLARK'S due to her refusal to succumb to Defendant KURD'S unwanted and unwelcome sexual advances. Further, Plaintiff, TENNELLE TURNER, was constructively terminated from her employment with Defendant CLARK'S due to her refusal to succumb to Defendant KURD'S unwanted and unwelcome sexual advances.

8

50.     Accordingly, Plaintiffs allege that the termination of their employment was done in contravention of the substantial public policy embodied in codes, statutes and regulations such as California Government Code § 12940 and California Code of Regulations, Title 2, §7290 et seq., which prohibit an employer from discriminating against an employee on the basis of sex or gender.

51.     Defendants caused a hostile and/or abusive work environment to exist which subjected Plaintiffs to unwanted harassing conduct that was sever and pervasive.

52.     Defendants know of this harassing conduct and failed to take any immediate and/or remedial corrective action.

53.     Plaintiffs were harmed by this unwanted conduct and hostile work environment.

54.     As a direct foreseeable and proximate result of Defendants' wrongful acts, Plaintiffs have suffered, and continue to suffer, loss of earnings and employment benefits, and have suffered humiliation, embarrassment, mental and emotional distress, discomfort, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression all to their damage in an amount according to proof.

55.     Plaintiffs have incurred and continue to incur legal expenses and attorney's fees. Plaintiffs are at present, unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

56.     Defendants' acts as described herein were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S and were committed fraudulently, maliciously or oppressively with the specific intent of injuring Plaintiffs and/or with conscious disregard of Plaintiff's right to work in an environment free of discrimination and/or harassment. Because these acts were carried out by officers, directors, owners and/or managing agents of Defendant CLARK'S in a despicable, deliberate and intentional manner, Plaintiffs are entitled to recover punitive damages as defined in California Civil Code § 3294 in a sum sufficient to punish and deter such future conduct.

## FOURTH CAUSE OF ACTION
### Breach of Implied in Fact/Oral Contract Not to Terminate Employment Without Good Cause

9

(Against all Defendants and Does 1-50)

57.     Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

58.     On the basis of oral assurances of continued employment given to Plaintiffs by Defendant CLARK'S, and the common industry practice and standard of terminating employment only for cause, Plaintiffs and Defendants shared the understanding that Plaintiffs' employment could and would only be terminated for cause. This shared understanding resulted in an implied in fact and oral contract requiring Defendant to have good cause to terminate Plaintiffs' employment.

59.     Defendant CLARK'S actually terminated Plaintiff, CHANTEL GLORIA'S employment and constructively terminated Plaintiff, TENNELLE TURNER'S employment without good cause, violating the implied in fact and oral contracts it entered with them. Defendants permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff TENNELLE TURNER'S position would have no reasonable alternative except to resign her position with Defendant CLARK'S.

60.     As a direct foreseeable and proximate result of Defendants' wrongful acts, Plaintiffs have suffered, and continue to suffer, loss of earnings and employment benefits, and have suffered humiliation, embarrassment, mental and emotional distress, discomfort, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression all to their damage in an amount according to proof.

61.     Plaintiffs have incurred and continue to incur legal expenses and attorney's fees. Plaintiffs are at present, unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known. Further, Plaintiffs seek fees and lost wages pursuant to California Labor Code § 218.6

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
(Against All Defendants and Does 1-50)

47.     Plaintiffs incorporate all allegations of this Complaint and re-allege them as though they were fully set forth herein.

48.   Defendants' conduct, as alleged herein, constitutes intentional infliction of emotional distress.

49.   Defendants' conduct was outrageous and purposeful. Defendant's discriminatory and unlawful actions taken against Plaintiffs were intentional.

50.   Defendants undertook these actions with the intention of causing Plaintiffs emotional distress, or a reckless disregard of the probability of causing Plaintiffs emotional distress.

51.   Plaintiffs did in fact suffer severe emotional distress in the form of stress, confusion, frustration, fear, anguish, nervousness, helplessness, anxiety and shock as a result of Defendants' abusive conduct.  For these reasons, Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and willful, in conscious disregard of the rights and safety of Plaintiffs, and were calculated to injure Plaintiffs. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants pursuant to California Civil Code § 3294, in an amount according to proof.

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs CHANTEL GLORIA and TENNELLE TURNER demand a trial by jury.  Plaintiffs pray for a judgment and order against Defendants, as follows:

1.   That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2.   For compensatory, general, special and statutory damages according to proof;

3.   For reasonable attorneys' fees and costs according to proof at trial;

4.   For pre-judgment and post-judgment interest on all damages awarded;

5.   For costs of suit incurred;

6.   For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct; and

7.   For such other and further relief as the Court may deem just and proper.

1    DATED: August 21, 2012                    Respectfully submitted,

2                                              LOUIS | WHITE

3

4

5                                              JAMIL L. WHITE
                                               MICHAEL D. MALONEY
6                                              Attorneys for Plaintiffs
                                               CHANTEL GLORIA and
7                                              TENNELLE TURNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

EXHIBIT "1"



STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2210 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jul 09, 2013

Tennelle Turner
1212 Parkway Court
El Sobrante, CA 94803

RE:  Notice of Case Closure and Right to Sue
     DFEH Matter Number: 138038-59112
     Right to Sue: Turner / Clark's Bostonian

Dear Tennelle Turner:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jul 09, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc:   , Agent for Service for Clark's Bostonian, Richard Kurd

EXHIBIT "2"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.
                                                                              DIRECTOR PHYLLIS W. CHENG

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 05758
800-884-1684 | Videophone 016-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Jul 22, 2013

Chantel Gloria
3268 Rice Lane
Vacaville, CA 95688

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 142494-60832
Right to Sue: Gloria / Clark's Bostonian, Richard Kurd

Dear Chantel Gloria:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jul 22, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc:    , Agent for Service for Clark's Bostonian Richard Kurd

Jamil L. White (Bar No. 244028)
Michael D. Maloney (Bar No. 208297)
LOUIS | WHITE
1851 Heritage Lane, Suite 148
Sacramento, California 95815
Telephone: (916) 333-3613
Facsimile: (916) 274-4631

Attorneys for Plaintiffs
CHANTEL GLORIA and
TENNELLE TURNER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

| | |
|---|---|
| CHANTEL GLORIA and TENNELLE TURNER, | Case No.: FCS042299 |
| | **DOE AMENDMENT TO COMPLAINT** |
| Plaintiff, | |
| v. | |
| CLARK'S BOSTONIAN, a business entity; RICHARD KURD, an individual and DOES 1 through 50, inclusive, | |
| Defendants. | |

On filing of the Complaint, Plaintiff(s) not knowing the true name of a Defendant, and having designated Defendant in the Complaint by the fictitious name of **DOE 1**, and having discovered the true name of the defendant to be **C. & J. CLARK RETAIL, INC.**, hereby amends the Complaint by inserting the true name in place of the fictitious name where it appears in the Complaint.

///

1

DOE AMENDMENT TO COMPLAINT

1  DATED: September 18, 2013

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LOUIS | WHITE

JAMIL L. WHITE
MICHAEL D. MALONEY
Attorneys for Plaintiffs
CHANTEL GLORIA and
TENNELLE TURNER

2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

    I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 Heritage Lane, Suite 148, Sacramento, CA 95815.

    On September 18, 2013, I served the foregoing document described as:

**DOE AMENDMENT TO COMPLAINT**

    On all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[ ] **BY MAIL**- I deposited such envelope in the mail at Sacramento, California. The envelope was mailed via US mail with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing affidavit.

[X ] **BY PERSONAL SERVICE**- I caused such envelope to be delivered by a process server employed by First Legal.

[ ] **VIA FACSIMILE**- I faxed said document, to the office(s) of the addressee(s) shown above, and the transmission was reported as complete and without error.

[ ] **BY ELECTRONIC TRANSMISSION**- I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ] **BY OVERNIGHT DELIVERY**- I deposited such envelope for the collection and delivery by Federal Express Overnight Delivery service, with delivery fees paid or provided for in accordance with ordinary business practices.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on September 18, 2013, at Sacramento, California.

SHILOH BORSH

1

PROOF OF SERVICE

<u>SERVICE LIST</u>

| | |
|---|---|
| CT Corporation System<br>818 W Seventh Street<br>Los Angeles, CA 90017<br><br>*As Agent for Service of Process for<br>Defendant's Clark's Bostonian & C. & J.<br>Clark Retail, Inc.* | Richard Kurd<br>Clarks Bostonian Outlet<br>301 F Nut Tree Rd<br>Vacaville Premium Outlets<br>Vacaville, CA 95687<br><br>*Defendant* |

2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LOUIS | WHITE PC<br>Jamil L. White (Bar No. 244028)<br>Michael D. Maloney (Bar No. 208297)<br>1851 Heritage Lane, Suite 148, Sacramento, CA 95815<br>TELEPHONE NO.: (877) 992-5291   FAX NO.: (916) 274-4631<br>ATTORNEY FOR *(Name):* Plaintiffs, Chantel Gloria & Tennelle Turner | ENDORSED FILED<br>Clerk of the Superior Court<br>SEP 10 2013<br>C. DAVIS<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Solano
STREET ADDRESS: 600 Union Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME: Hall of Justice

CASE NAME:
Gloria, et al. v. Clark's Bostonian, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>FCS042299 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE: PAUL L BEEMAN<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 4, 2013
Michael D. Maloney
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). *(Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

Fairfield Branch
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

Vallejo Branch
321 Tuolumne Street
Vallejo, CA 94590
(707) 561-7830

Plaintiff(s):

CHANTEL GLORIA ET AL

Defendant(s):

CLARK'S BOSTONIAN ET AL

Case No. _____ FCS042299 _____

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

Pursuant to local rules and by order of this court, this matter has been calendared for Case Management Conference One as follows:

DATE: _____ January 14, 2014 _____   TIME: 8:30 a.m.

THE ABOVE-ENTITLED CASE HAS BEEN ASSIGNED FOR ALL PURPOSES TO

✱ JUDGE Paul L. Beeman , DEPT. 1

☒ 600 Union Avenue, Fairfield, CA 94533   ☐ 321 Tuolumne Street, Vallejo, CA 94590

✱ Effective 1/1/14

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

(1) Service of the complaint must be within sixty (60) calendar days of the date of filing.

(2) Service and filing of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616. *Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.*

(3) Plaintiff shall serve a copy of this *Notice of Case Management Conference One* on all defendants with the complaint.

(4) Any party serving a cross-complaint shall serve a copy of this *Notice of Case Management Conference One* on each cross-defendant with the cross-complaint.

(5) Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

(6) A *Case Management Statement* shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

(7) At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

(8) At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the *Case Management Statement* for Case Management Conference Two.

(9) Each counsel shall complete, file, and serve on all parties a completed *Case Management Statement* by the 15th calendar day before the date set for Case Management Conference Two.

(10) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.  This applies equally to both attorneys of record and specially-appearing counsel.

(11) The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a *Case Management Statement* is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> **COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.**

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this Notice of Case Management Conference One as follows:

☐   I personally served the person named below on (*date*): _____ at (*time*) _____.

Name: _____

☐ Party   ☐ Attorney of Record   ☐ Representative

I, _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Assignment of Judge for All Purposes.*

Date: _____   _____
                                                Signature

☒   I mailed the notice by enclosing it in an envelope and placing the envelope for collection and filing following the court's procedure and practices.  I am readily familiar with the court's procedure and practices for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.  Said envelope was addressed to the attorney for the party, or the party, as shown below:

Name:   MICHAEL D. MALONEY
Law Firm:   1851 HERITAGE LANE, STE 148
Address:   SACRAMENTO, CA  95815

Date:  September 10, 2013            Clerk of the Court
                                                   Superior Court of California, County of Solano

                            By: _____
                                         Deputy Clerk