# EXHIBIT 2

1  MELINDA S. RIECHERT, State Bar No. 65504
   JENNIFER A. TOMLIN, State Bar No. 261220
2  MORGAN, LEWIS & BOCKIUS LLP
   2 Palo Alto Square
3  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306
4  Tel:  650.843.4000
   Fax: 650.843.4001
5
   Attorneys for Defendants
6  C. & J. CLARK AMERICA, INC., (erroneously sued
   as Clark's Bostonian, a business entity and as Doe 1 -
7  C. & J. Clark Retail, Inc.) and RICHARD CUSTER
   (erroneously sued as Richard Kurd)
8

**ENDORSED FILED**
Clerk of the Superior Court

OCT 18 2013

J. WOOD
By _____
       DEPUTY CLERK

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SOLANO

11

12  CHANTEL GLORIA and TENNELLE         Case No. FCS042299
    TURNER,
13                                       DEFENDANTS C. & J. CLARK
                Plaintiffs,              AMERICA, INC.'S AND RICHARD
14                                       CUSTER'S ANSWER TO PLAINTIFFS'
         vs.                             COMPLAINT
15
    CLARK'S BOSTONIAN, a business entity;
16  RICHARD KURD, an individual and DOES 1
    through 50, inclusive,
17
                Defendants.
18

19

20       Defendants C. & J. Clark America, Inc., erroneously sued as "Clark's Bostonian, a

21  business entity" and as Doe 1 – "C. & J. Clark Retail, Inc.," and Richard Custer, erroneously sued

22  as "Richard Kurd," (collectively, "Defendants") by and through their attorneys hereby answer and

23  respond to Plaintiffs Chantel Gloria and Tennelle Turner (collectively, "Plaintiffs") unverified

24  Complaint as follows:

25       <u>GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT</u>

26       Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants deny,

27  generally and specifically, each and every material allegation in the Complaint, and deny further

28  that Plaintiffs have been injured or suffered damages in any sum or sums, or at all, or that

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

DB1/76084182.2                            1                          Case No. FCS042299
                        DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Plaintiffs have suffered, incurred or will suffer or incur any injury, damage or loss by reason of any act, omission to act, or any conduct, whether negligent, intentional or otherwise, on the part of Defendants, and its agents, employees, or representatives.

WHEREFORE, Defendants assert the following affirmative defenses without admitting any burden of proof, and pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that the Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action against any or all Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Workers' Compensation Preemption)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that, to the extent that Plaintiffs seek recovery on account of any physical, mental and emotional pain and suffering (which is expressly denied), their exclusive remedy for such damages is under the California Workers' Compensation Act, and specifically California Labor Code Sections 3601 and 3602.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs' claims of alleged discrimination and/or harassment are barred in whole or in part because Plaintiffs failed timely and/or adequately and/or fully to exhaust their administrative remedies with the Department of Fair Employment and Housing ("DFEH"), and/or the Equal Employment Opportunity Commission ("EEOC"), and any other statute or regulation that requires exhaustion of administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE
(Claims Exceed Scope of Administrative Charge)

As a separate affirmative defense to each cause of action, Defendants allege that

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB1/ 76084182.2                                2                           Case No. FCS042299
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Plaintiffs' claims of alleged discrimination and/or harassment are barred to the extent that Plaintiffs' allegations exceed the scope of any charges of discrimination they filed with the DFEH and/or the EEOC.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that, if Plaintiffs sustained any damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiffs may not recover for such damages because Plaintiffs have failed properly to mitigate those damages.

## SIXTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands to the extent Plaintiffs' alleged damages were caused by their own actions and/or inaction.

## EIGHTH AFFIRMATIVE DEFENSE

(At-will Employees)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs' claims are barred in whole or in part because pursuant to California Labor Code section 2922, Plaintiffs' employment could be terminated at-will.

## NINTH AFFIRMATIVE DEFENSE

(Avoidable Consequences/Reasonable Care)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that at all times relevant hereto, they exercised reasonable care to prevent and correct promptly any discriminatory behavior, and that Plaintiffs unreasonably failed to take advantage of the

preventative and/or corrective opportunities Defendants provided or otherwise to avoid harm, and that Plaintiffs' failure to report the alleged retaliation and/or discrimination was unreasonable under the circumstances and, more likely than not, using Defendants' internal remedies would have prevented some, if not all, of Plaintiffs' claimed damages from occurring.

## TENTH AFFIRMATIVE DEFENSE

(Good Faith)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that all of their acts affecting the terms and conditions of Plaintiffs' employment and/or relating to Plaintiffs were done in good faith and motivated by non-retaliatory, and non-discriminatory reasons, and based upon business necessity.

## ELEVENTH AFFIRMATIVE DEFENSE

(Pre-Existing Conditions)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that to the extent Plaintiffs have suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which Defendants deny, Defendants are not responsible to the extent that some or all of such injuries are due to personal circumstances existing in Plaintiffs' lives during the relevant time or to pre-existing conditions.

## TWELFTH AFFIRMATIVE DEFENSE

(Legitimate Business Reasons)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that any decisions they made with regard to Plaintiffs were at all times made with legitimate business justification.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Management Discretion or Privilege)

As a separate and affirmative defense to each cause of action, Defendants allege that Defendants' conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances, then existing, and was privileged and justified.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 76084182.2                           4                            Case No. FCS042299
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

## FOURTEENTH AFFIRMATIVE DEFENSE

(Causation/Contribution by Plaintiffs' Own Acts)

As a separate and affirmative defense to each cause of action, Defendants allege that the injuries and/or damages alleged by Plaintiffs' Complaint were proximately caused by, occurred, and/or were contributed to by the Plaintiffs' own acts or failures to act. Defendants' acts were not the cause in fact or the proximate cause of any injury on which the Plaintiffs sue. Accordingly, any recovery must be reduced by an amount equal to the proportionate fault of the Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Unconstitutional Punitive Damages)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs fail to state facts sufficient to support an award of punitive damages and an award of punitive damages would be an unconstitutional denial of Defendants' right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Punitive Damages)

As a separate and affirmative defense to each and every prayer for punitive damages, Defendants allege that the allegations of each cause of action, whether considered singly or in any combination, fail to state facts sufficient to state a claim for which punitive damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Excessive Fine)

As a separate and affirmative defense to each cause of action, Defendants allege that an award of penalties or punitive damages under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

/ / /

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 76084182.2

5

Case No. FCS042299

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Discrimination Prevention)

As a separate and affirmative defense to each cause of action, Defendants allege that Defendants, at all relevant times herein, took all appropriate actions to prevent any discriminatory, retaliatory, or harassing conduct from occurring, thereby satisfying all legal obligations Defendants owed to Plaintiffs, if any at all.

### NINETEENTH AFFIRMATIVE DEFENSE

(Conduct Not Authorized)

As a separate and affirmative defense to each cause of action, Defendant C. & J. Clark America, Inc. alleges that to the extent any alleged unwelcome, unauthorized or unlawful conduct occurred between Plaintiffs and other employees, such conduct was not known to, authorized or ratified by Defendant C. & J. Clark America, Inc.

### TWENTIETH AFFIRMATIVE DEFENSE

(Consent)

As a separate and affirmative defense to each cause of action, Defendants allege that Plaintiffs consented to and/or actively participated in the conduct alleged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Mixed Motive)

As a separate and affirmative defense to each cause of action, Defendants allege that, to the extent that unlawful reasons were motivating factors for any of the conduct alleged in the Complaint, which Defendants expressly deny, legitimate reasons, standing alone, would have induced Defendants to make the same employment decisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Set-Off for Benefits)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that they are entitled to a set-off of any benefits Plaintiffs receive or have received from Workers' Compensation or any other benefit plan or source related to the injuries or damages alleged in the Complaint against any award of damages to Plaintiffs in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 76084182.2   6   Case No. FCS042299
DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(One Satisfaction)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that Plaintiffs cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Civil Code Section 1431.2)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that any non-economic damages Plaintiffs allege they sustained in this action were due to the fault of someone other than any named Defendants and, under California Civil Code Section 1431.2, the Fair Responsibility Act of 1986, Defendants can only be held liable for those non-economic damages proportionally caused by the fault of Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

As a separate and affirmative defense to Plaintiffs' Complaint, Defendants allege that to the extent that Defendants acquire any evidence of wrongdoing by Plaintiffs during the course of this litigation, which wrongdoing would have materially affected the terms and conditions of Plaintiffs' employment or would have resulted in Plaintiffs either being demoted, disciplined, or terminated, such after-acquired evidence shall bar and/or limit the amount of damages Plaintiffs can recover on their claims, assuming *arguendo*, they are able to establish liability.

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge and/or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that any additional affirmative defenses would be appropriate.

WHEREFORE, Defendants pray:

1. That Plaintiffs take nothing by this action;

2. That judgment be entered in favor of Defendants and against Plaintiffs on all

1 | causes of action;

2 | 3. That Defendants be awarded their costs of suit incurred herein;

3 | 4. That Defendants be awarded their reasonable attorneys' fees incurred in this

4 | action; and

5 | 5. That the Court award Defendants such other and further relief as the Court may

6 | deem just and proper.

7 | Dated: October 18, 2013            MORGAN, LEWIS & BOCKIUS LLP

8 |

9 |                                                  By _____
10|                                                  MELINDA S. RIECHERT
                                                    JENNIFER A. TOMLIN
11|                                                  Attorneys for Defendants
                                                    C. & J. CLARK AMERICA, INC.,
12|                                                  (erroneously sued as Clark's Bostonian, a
                                                    business entity and as Doe 1 - C. & J. Clark
13|                                                  Retail, Inc.) and RICHARD CUSTER
                                                    (erroneously sued as Richard Kurd)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Desiree A. Semans, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, CA 94306. On October 18, 2013, I served a copy of the within document(s):

**DEFENDANTS C. & J. CLARK AMERICA, INC.'S AND RICHARD CUSTER'S ANSWER TO PLAINTIFFS' COMPLAINT**

[X]   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

| | |
|---|---|
| Jamil L. White, Esq.<br>Michael D. Maloney, Esq.<br>LOUIS WHITE<br>1851 Heritage Lane, Suite 148<br>Sacramento, CA 95815<br>Tel.: (916) 333-3613<br>Fax: (916) 274-4631 | **ATTORNEYS FOR PLAINTIFFS**:<br><br>Chantel Gloria and Tennelle Turner |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 18, 2013, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Desiree A. Semans

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB1/ 76088470.1

1

Case No. FCS042299

PROOF OF SERVICE